IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01522–MSK–KMT

TIMOTHY S. TUTTAMORE,

    Plaintiff,

v.

DR. ALLRED,
A. OSAGIE,
ADX WARDEN DAVIS,
M. SMITH, and
UNKNOWN UTILIZATION COMMITTEE MEMBERS, all in their official and individual capacities,

    Defendants.

## ORDER

This matter is before the court on Plaintiff's "Motion to Reconsider the Magistrate's 'Order to Deny Appointment of Counsel' " (Doc. No. 24, filed August 1, 2011).

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.' Instead the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Fed. R. Civ. P. 59(e) will govern when the motion for reconsideration is filed within ten days of the judgment; Fed. R. Civ. P. 60(b) will govern all other motions. *Id.* Plaintiff filed his

Motion on August 1, 2011, seven days after the court's order denying "Plaintiff's Motion for Appointment of Counsel" (Doc. No. 12). Therefore, the court will consider Plaintiff's request for review pursuant to Rule 59(e). *See id.*

There are three major grounds that justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Plaintiff states only that the Order should be reversed to correct clear error. (Mot. at 1.)

Plaintiff argues this court's Order denying him counsel is contrary to law because it would deny him fundamental fairness and due process. (Mot., ¶ 3.) Plaintiff cites *Kikumura v. Osagie*, 461 F.3d 1269 (10th Cir. 2006), in support of his contention that it would be impossible for him to comply with Colorado's certificate of review statute, Colo. Rev. Stat. § 13-20-602, unless he is appointed counsel. (*Id.*) However, in *Kikumura*, the Tenth Circuit Court of Appeals did not make a judgment on whether Plaintiff should be appointed counsel based on his claims, but rather remanded the issue to the District Court to review the plaintiff's motion for appointment of counsel and motion an extension of time to file a certificate of review, which previously had been denied as moot in light of the recommendation that the plaintiff's case be dismissed. (*See Kikumura*, 461 F.3d 1269 at 1297–99, 1302.) Thus, Plaintiff's argument in this regard fails.

Plaintiff also argues that he is entitled to counsel pursuant to *Manning v. Lockhart*, 623 F.2d 536 (8th Cir. 1980), *McCarthy v. Weinberg*, 753 F.2d 836 (10th Cir. 1985), *Miller v. Glanz*,

2

948 F.2d 1562 (10th Cir. 1991), and *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111 (10th Cir. 2004). In the Tenth Circuit cases, the Court noted that the district court is vested with discretion in the matter of appointment of counsel under 28 U.S.C. § 1915(d). In *Manning*, the Eighth Circuit Court of Appeals remanded the case to the district court for a new trial and to appoint counsel. *Manning*, 623 F.2d at 540. However, the court determined counsel was appropriate because "question of credibility of witnesses and where the case presents serious allegations of fact which are not facially frivolous." *Id.* These cases are not contrary to the law used by this court in analyzing whether Plaintiff is entitled to counsel in this case and do not change this court's analysis.

Thus, because there is no need to correct clear error, and because there has been no intervening change in controlling law and Plaintiff has not presented new evidence, *see Servants of the Paraclete*, 204 F.3d at 1012, it is

ORDERED that Plaintiff's "Motion to Reconsider the Magistrate's 'Order to Deny Appointment of Counsel' " (Doc. No. 24) is DENIED.

Dated this 10th day of August, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge