IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01522–MSK–KMT

TIMOTHY S. TUTTAMORE,

    Plaintiff,

v.

DR. ALLRED,
A. OSAGIE,
ADX WARDEN DAVIS,
M. SMITH, and
UNKNOWN UTILIZATION COMMITTEE MEMBERS, all in their official and individual capacities,

    Defendants

# ORDER

This matter is before the court on Plaintiff's "Motion of Opposition to the Defendants [sic] Motion of Summary Judgement and to Strike the Declaration of Margie Bier in Violation of 28 USC § 1746" (Doc. No. 59, filed Oct. 31, 2011), "Motion to Strike the Declaration of David K. Allred in Violation of 28 USC § 1746" (Doc. No. 60, filed Oct. 31, 2011) and "Rebuttal to the Defendants [sic] Motion to Dismiss and a Motion to Strike the Declaration of Margie Bier as a Violation Pursuant to 28 USC 1746" (Doc. No. 62, filed Oct. 31, 2011).

Federal Rule of Procedure 12(f) provides that "[t]he court may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R.

Civ. P. 12(f) (emphasis added).  Motions and other papers are not pleadings.  *See* Fed. R. Civ. Pro. 7.  "[T]here is no provision in the Federal Rules of Civil Procedure for motions to strike motions and memoranda." *Searcy v. Soc. Sec. Admin.*, 956 F.2d 278, 1992 WL 43490, at *2 (10th Cir. March 2, 1992) (unpublished table opinion).  "Only material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly. Motions, briefs, or memoranda, objections, or affidavits may not be attacked by the motion to strike." 2 JAMES WM. MOORE ET.AL., MOORE'S FEDERAL PRACTICE § 12.37[2] (3d ed. 2004) (cited with approval in *Searcy,* 1992 WL 43490, at *2 ).  The Declarations of Margie Bier (Doc. Nos. 50-1 & 52-1) and  David Allred (Doc. No. 54-1) are not pleadings that may be the subject of a motion to strike.

Therefore, it is

ORDERED that Plaintiff's "Motion of Opposition to the Defendants [sic] Motion of Summary Judgement and to Strike the Declaration of Margie Bier in Violation of 28 USC § 1746" (Doc. No. 59) and "Rebuttal to the Defendants [sic] Motion to Dismiss and a Motion to Strike the Declaration of Margie Bier as a Violation Pursuant to 28 USC 1746" (Doc. No. 62, filed Oct. 31, 2011) are DENIED to the extent that they seek to strike the Declarations of Margie Bier (Doc. Nos. 50-1 & 52-1).  The court will still consider these documents (Doc. Nos. 59 & 62) to the extent they are responsive to Defendants' Motion for Summary Judgment and Motion to Dismiss, respectively.

It is further

ORDERED that Plaintiff's "Motion to Strike the Declaration of David K. Allred in Violation of 28 USC § 1746" (Doc. No. 60) is DENIED.

Dated this 15th day of December, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge