IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–01522–MSK–KMT

TIMOTHY S. TUTTAMORE,

    Plaintiff,

v.

DR. ALLRED,
A. OSAGIE,
ADX WARDEN DAVIS,
M. SMITH, and
UNKNOWN UTILIZATION COMMITTEE MEMBERS, all in their official and individual capacities,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on case comes before the court on Plaintiff's "'Second' Motion for Default Judgment & a Inquest Hearing." (Doc. No. 100, filed Feb. 23, 2012.)

Plaintiff seeks default judgment under Fed. R. Civ. P. 55. Plaintiff asserts that default judgment should granted against Defendants because he believes that they were required to respond to his complaint on October 21, 2011. (*See* Mot. at 1.)

When a defendant fails to "plead or otherwise defend," default must be entered by the clerk of the court. Fed. R. Civ. P. 55(a). Thereafter, the prevailing party may ask the Court to enter judgment. *See* Fed. R. Civ. P. 55(b)(2).

Here, Defendants did not fail to plead or otherwise defend against Plaintiff's action. As noted in this court's Recommendation regarding Plaintiff's prior motion for default judgment (Doc. No. 81, filed Dec. 19, 2011), the court granted Defendants two extension of time, which required Defendants to ultimately answer or otherwise response to Plaintiff's Complaint no later than October 21, 2011 (*See* Doc. No. 41, filed Sept. 9, 2011, & Doc. No. 48, filed Oct. 12, 2011). On October 20, 2011, Defendants timely filed both a motion to dismiss and a motion for summary judgment. (Doc. No. 50 & 52.)

By filing their motion to dismiss, the deadline for Defendants to answer was extended to fourteen days after an order denying Defendants' motion to dismiss, if any. Fed. R. Civ. P. 12(a)(4). On February 13, 2012, Defendants filed a Status Report wherein they sought to withdraw their motion to dismiss, as well as their motion for summary judgment. (Doc. No. 96.) That same day, Defendants also filed their Answer. (Doc. No. 95, filed Feb. 13, 2012.) Accordingly, Defendants have not failed to "plead or otherwise defend" pursuant to Fed. R. Civ. P. 55.

Moreover, the clerk of the court has not entered a default pursuant to Fed. R. Civ. P. 55(a). (*See* Doc. No. 109, filed Feb. 29, 2012.) As such, Plaintiff's motion for default judgment should be denied.

WHEREFORE, for the foregoing reasons, the court respectfully

**RECOMMENDS** that Plaintiff's "'Second' Motion for Default Judgment & a Inquest Hearing" (Doc. No. 100) be DENIED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the

District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 29th day of February, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge