IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01522–MSK–KMT

TIMOTHY S. TUTTAMORE,

    Plaintiff,

v.

DR. ALLRED,
A. OSAGIE,
ADX WARDEN DAVIS,
M. SMITH, and
UNKNOWN UTILIZATION COMMITTEE MEMBERS, all in their official and individual capacities,

    Defendants.

---

## ORDER

---

This matter is before the court primarily on Plaintiff's "Motion to Show Good Cause to Reopen My Case Immediately" (Doc. No. 144, filed May 31, 2012 [hereinafter "First Motion to Reopen"]) and "Motion to Marcia S. Krieger to Allow Me to Effectively Argue My Civil Complaint by Re-Open [sic]" (Doc. No. 145, filed June 29, 2012 [hereinafter "Second Mot. Reopen"]). "Defendants' Response to Plaintiff's Motions to Reopen Case" was filed on July 27, 2012 (Doc. No. 149 [hereinafter "Response"]), and Plaintiff's "'Verified Motion' Amended Rebuttal to Defendants [sic] Response to the Plaintiffs [sic] Motions to Reopen this Case" was filed on August 17, 2012 (Doc. No. 155 [hereinafter "Am. Reply"]). For the following reasons,

Plaintiff's motions to reopen are granted, and Plaintiff's "Immediate Motion, Please Rush a Minute Order, Showing of Good Cause for an Immediate Discovery Order" (Doc. No. 131), "'Immediate Motion' to Show Cause to Immediate Continuation of the Discovery Process and to Strike the Joint Motion of Stay Doc. #127 by Showing Good Cause" (Doc. No. 137), and "Motion Requesting Phone Confrence [sic] with Magistrate Judge and Defendants [sic] Council [sic]" (Doc. No. 156, filed Aug. 17, 2012) are denied as moot.

As background, on May 3, 2012, the parties filed a Joint Motion to Stay Proceedings. (Doc. No. 127 [Mot. Stay].) Therein, the parties indicated that Plaintiff was receiving continuing treatment for the medical issue at the heart of his Complaint. (*Id.* ¶¶ 2-3.) Specifically, Plaintiff had received a second ultrasound and was scheduled to see a second urologist in May 2012 to assess his condition and to recommend an appropriate course of treatment. (*Id.*) The parties further suggested that Plaintiff would be amenable to dismissing this case if the urologist's recommended treatment, if any, was followed by the Federal Bureau of Prisons (BOP). (*Id.* ¶ 4.) As such, the parties requested that this matter be stayed for 90 days to allow for Plaintiff's continued treatment and to avoid any additional costs while the parties considered a potential resolution of this case. (*Id.* ¶ 5.)

On May 4, 2012, District Judge Marcia S. Krieger granted in part and denied in part the Motion to Stay. (Order, Doc. No. 128, filed May 4, 2012.) Specifically, Judge Krieger denied the Motion to Stay to the extent that the parties requested that this action be stayed. (*Id.*) Instead, Judge Krieger elected to administratively close this action, subject to reopening by

either party upon a showing of good cause. (*Id.*) Accordingly, this matter was administratively closed on May 4, 2012. (*Id.*)

The court finds that Plaintiff has set forth good cause to reopen this case. As outlined above, the primary purpose for closing this case administratively was to allow Plaintiff to receive an outside medical consultation and further treatment, which, at the time, appeared likely to foster a mutually agreeable resolution of this case. However, it is clear that such a resolution will not be reached at this juncture. Plaintiff maintains that Defendants have refused to consider his offers to settle this case—including, but not limited to, a recent settlement offer made by Plaintiff on July 26, 2012. (*Compare* Resp. ¶ 9 *with* Am. Reply at 3; *see also* First Mot. Reopen at 2-4.) Furthermore, although Defendants maintain that Plaintiff's treatment following the May 4, 2012 administrative closure, including a June 6, 2012 surgery, resulted in a positive outcome—specifically, a pathology report that came back negative for cancer (Resp. ¶¶ 3-6)—Plaintiff clearly is not satisfied with this result alone. Rather, Plaintiff also seeks redress for alleged past wrongs, including, but not limited to, Defendants' alleged delay and denial of medical care for "years" prior to his consultation with the outside urologist and his subsequent surgery. (Am. Reply at 1-2.)

Altogether, it is clear that in spite of the continued medical treatment received by Plaintiff, the parties have been unable to reach an amicable resolution of this case. The court cannot coerce or otherwise require the parties to reach a settlement. *See Kothe v. Smith,* 711 F.2d 667, 669 (2d Cir. 1985). Denying Plaintiff's request to reopen this case would, at a

minimum, have such an effect, as it would foreclose Plaintiff's ability to test his claims on their merits. Accordingly, the court finds that good cause exists to reopen this case.

On a related matter, the court finds it appropriate to extend the scheduling deadlines that were outstanding at the time[1] that this case was closed by 125 days—the amount of time this case was administratively closed. Further, Defendants may respond to Plaintiff's (1) "Motion for Leave to File 2nd Amended Complaint and to Strike the First Amended Complaint" (Doc. No. 130 [Mot. Am.]), (2) "'Verified' Motion to Compel Discovery" (Doc. No. 135), and (3) "'Verified' Motion to Determine Sufficiency and/or Motion to Compel" (Doc. No. 136) no later than September 28, 2012. The court will deny Plaintiff's "'Amended' Motion Requesting U.S. Marshals to Serve the New Defendants within [sic] the 2nd Amended Complaint" (Doc. No. 133) as premature with leave to refile, if appropriate, after a ruling is issued on Plaintiff's Motion to Amend.

Therefore, for the foregoing reasons, it is

ORDERED that Plaintiff's "Motion to Show Good Cause to Reopen My Case Immediately" (Doc. No. 144) and "Motion to Marcia S. Krieger to Allow Me to Effectively Argument My Civil Complaint by Re-Open [sic]" (Doc. No. 145) are GRANTED. The clerk of Court is directed to REOPEN this case.

It is further

---

[1] The court will not, however, extend the Joinder of Parties or Amendment of Pleadings Deadline as that deadline expired before this case was administratively closed.

4

ORDERED that Plaintiff's "Immediate Motion, Please Rush a Minute Order, Showing of Good Cause for an Immediate Discovery Order" (Doc. No. 131), "'Immediate Motion' to Show Cause to Immediate Continuation of the Discovery Process and to Strike the Joint Motion of Stay Doc. #127 by Showing Good Cause" (Doc. No. 137) and "Motion Requesting Phone Confrence [sic] with Magistrate Judge and Defendants [sic] Council [sic]" (Doc. No. 156) are DENIED as moot and that Plaintiff's "'Amended' Motion Requesting U.S. Marshals to Serve the New Defendants within [sic] the 2nd Amended Complaint" (Doc. No. 133) is DENIED without prejudice as premature.

It is further

ORDERED that the parties shall designate affirmative experts no later than November 21, 2012; the parties shall designate rebuttal experts no later than December 21, 2012; the Discovery Deadline is extended to January 21, 2013; and the Dispostive Motions Deadline is extended to February 21, 2013.

It is further

ORDERED that Defendants may respond to Plaintiff's (1) "Motion for Leave to File 2nd Amended Complaint and to Strike the First Amended Complaint" (Doc. No. 130), (2)

"'Verified' Motion to Compel Discovery" (Doc. No. 135), and (3) "'Verified' Motion to Determine Sufficiency and/or Motion to Compel" (Doc. No. 136) no later than September 28, 2012.

Dated this 7th day of September, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge