IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01522–MSK–KMT

TIMOTHY S. TUTTAMORE,

     Plaintiff,

v.

DR. ALLRED,
A. OSAGIE,
ADX WARDEN DAVIS,
M. SMITH, and
UNKNOWN UTILIZATION COMMITTEE MEMBERS, all in their official and individual
capacities,

     Defendants.

---

## ORDER

This matter is before the court on Plaintiff's "'Verified' Motion for a Physical

Examination." (Doc. No. 114, filed Apr. 6, 2012.)  In his Motion, Plaintiff seeks a physical

examination pursuant to Federal Rule of Civil Procedure 35 to see if he is still fertile and to

conduct a body fat analysis in order to "show cause to some of the possible injuries." (*See* Mot.

at 3.)  For the following reasons, Plaintiff's Motion is DENIED.

Federal Rule of Civil Procedure 35 empowers a court to "order a party whose mental or

physical condition . . . is in controversy to submit to a physical or mental examination by a

suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1).  However, it is well settled that

this Rule does not allow a party, even an indigent prisoner, to seek his *own* examination. *Brown v. United States,* 74 F. App'x 611, 614 (7th Cir. 2003); *Smith v. Carroll,* 602 F. Supp. 2d 521, 525-26 (D. Del. 2009); *Savajian v. Milyard,* No. 09-cv-00354-CMA-BNB, at *1 (D. Colo. Dec. 17, 2009) ("although the plaintiff states that he is seeking an independent medical examination pursuant to Fed. R. Civ. P. 35(a), he is actually seeking a cost-free medical examination which he hopes will support his claims . . . . Rule 35 was not designed for this purpose."). *See also McKenzie v. Nelson Coleman Corr. Ctr.,* No. 11-0268, 2012 WL 3779129, at *2-3 (E.D. La. Aug. 31, 2012) (collecting cases). "Instead, under appropriate circumstances, it allows the court to order a party to submit to a physical examination at the request of an opposing party." *Smith,* 602 F. Supp. 2d at 526; *Brown,* 74 F. App'x at 614. Here, it is clear that Plaintiff seeks a cost-free medical examination that he believes will support his claims; as outlined above, it is well settled that Rule 35 is not available for this purpose.[1]

Moreover, the court notes that Plaintiff does not indicate who will bear the cost for the proposed examinations. "[N]either 28 U.S.C. § 1915 or Fed. R. Civ. P. 35 authorizes the court to pay for tests, consultations, or examinations by private physicians." *McKenzie,* 2012 WL

---

[1] The court would not reach a different result if, rather than Rule 35, Plaintiff had invoked Federal Rule of Evidence 706. The latter rule provides that, "[o]n a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations. The court may appoint any expert that the parties agree on and any of its own choosing." Fed. R. Evid. 706(b). "The purpose of Rule 706 is to assist the factfinding of the court, not to benefit a particular party." *Lindsay v. Lewis,* 1:11CV67, 2012 WL 1155744, at *2 (M.D.N.C. Apr. 6, 2012) (quoting *Paiva v. Bansal,* No. 10-179 S, 2011 WL 155425, at *1 (D.R.I. Apr. 27, 2011)). Plaintiff's motion makes clear that he seeks an expert medical evaluation for his own benefit, and not that of the court. *See Hannah v. United States,* 523 F.3d 597, 600 (5th Cir. 2008).

3779129, at *3 (citations omitted).  Ultimately, no civil litigant, even an indigent one, has the right to such aid.  *Brown,* 74 F. App'x at 614-15; *Smith,* 602 F. Supp. 2d at 526.

 Therefore, for the foregoing reasons, it is

 ORDERED that Plaintiff's "'Verified' Motion for a Physical Examination" (Doc. No. 114) is DENIED.

 Dated this 4th day of October, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge