IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01522–MSK–KMT

TIMOTHY S. TUTTAMORE,

      Plaintiff,

v.

DR. ALLRED,
A. OSAGIE,
ADX WARDEN DAVIS,
M. SMITH, and
UNKNOWN UTILIZATION COMMITTEE MEMBERS, all in their official and individual
capacities,

      Defendants.

---

**ORDER**

---

This matter is before the court on Plaintiff's "Motion for Leave to File 2nd Amended
Complaint and to Strike the First Amended Complaint." (Doc. No. 130, filed May 21, 2012
[Mot.].) After the court reopened this case from the administrative closure entered by District
Judge Marcia S. Krieger (*See* Order, Doc. No. 158, filed Sept. 7, 2012), Defendants file their
"Response to Plaintiff's Second Motion to Amend" on September 28, 2012 (Doc. No. 163
[Resp.]), and Plaintiff filed his "Rebuttal to the defendants Response to the Plaintiff's Second
motion to Amend" on October 5, 2012 (Doc. No. 171 [Reply]). For the following reasons,
Plaintiff's Motion is GRANTED.

In his Motion, Plaintiff seeks leave of court to file his "2nd 'Amended' 'Verified' Complaint" (Doc. Nos. 130-1 & 130-2 [Am. Compl.]), which would amend his "'Verified' Prisoner Complaint" (Doc. No. 1, filed June 10, 2011 [Orig. Compl.]) by (1) substituting named defendants for the "Unknown Utilization Committee Members" featured in his Original Complaint; (2) adding other additional defendants; and (3) adding "new claims of retaliation, denial of access to the courts, and requests for declarations and injunctions.' (*See* Mot. at 1; Am. Compl.)

## LEGAL STANDARDS

Because Plaintiff filed his motion after the deadline for amending the pleadings, the court employs a two-step analysis, first determining whether Plaintiff has shown good cause to modify the scheduling order under Federal Rule of Civil Procedure 16(b), then evaluating whether Plaintiff has satisfied the standard for amendment of pleadings under Federal Rule of Civil Procedure 15(a). This court has stated that

> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."

*Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (citations omitted).

Once Plaintiff has shown good cause for modifying the scheduling order, he must also

satisfy the requirements of Rule 15(a) for amending the pleadings.  Under Rule 15(a), a court

should allow a party to amend its pleadings "when justice so requires."  Fed. R. Civ. P. 15(a).

The grant or denial of an opportunity to amend is within the discretion of the court, but "outright

refusal to grant the leave without any justifying reason appearing for the denial is not an exercise

of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal

Rules."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "Refusing leave to amend is generally only

justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or

dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of

amendment."  *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).  Notably,

> The Federal Rules reject the approach that pleading is a game of skill in which
> one misstep by counsel may be decisive to the outcome and accept the principle
> that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson,* 355 U.S. 41, 48 (1957).

## ANALYSIS

### A.      *Untimeliness*

Defendants argue that Plaintiff's Motion "must be denied" because it was filed after the

deadline for joinder of parties and amendment of pleadings.  (Resp. at 3.)  The court disagrees.

To be sure, Plaintiff's Motion was filed several days after the May 3, 2012 deadline for joinder

of parties and amendment of pleadings established at the Preliminary Scheduling Conference

(*See* Courtroom Minutes/Minute Order, Doc. No. 111, filed March 19, 2012).  However, the fact

that Plaintiff's Motion was filed after that deadline alone does not mean that Plaintiff's Motion

must be denied.  Rather, as established above, Plaintiff may still be permitted to amend his complaint if he can show "good cause" to modify that deadline.

The court finds that Plaintiff has demonstrated good cause.  More specifically, on April 17, 2012—two weeks prior to the deadline for amending the pleadings—Plaintiff filed a prior iteration of his present Motion.  (*See* Doc. No. 118.)  That motion, however, was never ruled on; instead, it was terminated pursuant to District Judge Krieger's administrative closure of this case, which was entered on May 4, 2012—one day after the deadline for amending the pleadings expired.  (*See* Order, Doc. No. 128.)  Plaintiff could not have reasonably anticipated that the case would be administratively closed or that his initial motion to amend would be terminated as a consequence.  As such, the court cannot fault Plaintiff for the fact that his present Motion is untimely because even Plaintiff's most diligent efforts would not have enabled him to file it prior the deadline for amending the pleadings.  Therefore, the court finds that Plaintiff has demonstrated good cause for modifying the deadline for joinder of parties and amendment of pleadings.[1]

---

[1] Defendants also assert that Plaintiff's Motion should be denied because "Plaintiff's actions have caused [undue] delay in this matter."  (Resp. at 9.)  This argument is inapposite. Although "undue delay" may be a justification for denying leave to amend, *Foman,* 371 U.S. at 182, the relevant inquiry is not whether the moving party has unduly delayed the proceedings generally.  Instead, the relevant inquiry is whether the moving party has unduly delayed seeking leave to amend after learning of the facts underlying the proposed amendment(s).  *See Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1206 (10th Cir. 2006).

### B.     Futility

Defendants next argue that Plaintiff's Motion should be denied because his proposed

amendments are futile.  While the court acknowledges that it may "deny leave to amend if the

proposed amendments fail to state a claim for relief under Rule 12(b)(6)[,] . . . prejudice is the

single most important factor in deciding whether to allow leave to amend." *Stender v. Cardwell,*

07–cv-02503-WJM-MJW, 2011 WL 1235414, at *3 (D. Colo. Apr. 1, 2011) (citing *Gohier v.*

*Enright,* 186 F.3d 1216, 1218 (10th Cir. 1999) & *Minter,* 451 F.3d at 1207).  Thus, where the

party opposing a motion to amend does not argue that it will face any—let alone

undue—prejudice if the court grants leave to amend, its "opposition to the [motion to amend] is

grievously weakened."  *Id.*

Here, Defendants do not, and likely could not, argue that they will face any prejudice if

Plaintiff's Motion is granted.  *See Minter,* 451 F.3d at 1208 (quoting *Patton v. Guyer,* 443 F.2d

79,86 (10th Cir. 1971)) ("Courts typically find prejudice only when the amendment unfairly

affects the defendants 'in terms of preparing their defense to the amendment.'")  Consequently,

like in *Stender,* the court opts to preserve scare judicial resources and declines to address

Defendants' futility arguments.  *Id.*

Indeed, the court finds this approach to be particularly appropriate here as Defendants

argue only that *some* of Plaintiff's proposed amendments are futile.  More specifically, although

Defendants' Response opposes, in large part, the addition of some of the proposed defendants,

they does not argue that Plaintiff's proposed § 1983 claims for retaliation and denial of access to

the courts are futile.  Moreover, at least one of Defendants' futility arguments is

5

underdeveloped.[2]  As such, the court finds that Defendants' futility arguments are better

addressed after Plaintiff's operative complaint is in place, if and when Defendants file a motion

to dismiss on the same grounds.  *Stender,* 2011 WL 1235414, at *3; *see also Gen. Steel Domestic*

*Sales, LLC v. Steel Wise, LLC,* 2008 WL 2520423, at *4 (D. Colo. June 20, 2008) (noting that

the defendants' futility argument "seems to place the cart before the horse," and that "[r]ather

than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be

better served by waiting to assert Rule 12 motions until the operative complaint is in place").

Therefore, for the foregoing reasons, it is

**ORDERED** that

Plaintiff's "Motion for Leave to File 2nd Amended Complaint and to Strike the First

---

[2] In particular, Defendants maintain that the court must dismiss all of Plaintiff's proposed and existing official capacity claims on sovereign immunity grounds.  (Resp. at 9.) However, Plaintiff's proposed "2nd 'Amended' 'Verified' Complaint" seeks both monetary and injunctive relief.  (*See* Doc. No. 130-1 & 130-2.)  Defendants have not addressed whether the official capacity claims for injunctive relief are viable in light of *Simmat v. U.S. Bureau of Prisons,* 413 F.3d 1225, 1230-33 (10th Cir. 2005).

6

Amended Complaint" (Doc. No. 130, filed May 21, 2012) is GRANTED. The Clerk of Court is directed to file Plaintiff's "2nd 'Amended' Verified' Prisoner Complaint." (Doc. Nos. 130-1 & 130-2.)

Dated this 6th day of December, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge