IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01522–MSK–KMT

TIMOTHY S. TUTTAMORE,

    Plaintiff,

v.

DR. ALLRED,
A. OSAGIE,
ADX WARDEN DAVIS,
M. SMITH, and
UNKNOWN UTILIZATION COMMITTEE MEMBERS, all in their official and individual capacities,

    Defendants.

---

# ORDER

---

This matter is before the court on Plaintiff's "'Verified' Motion to Appoint Me Access with a Officer of the Court to Provide Me the Ability to Use Written Depositions." (Doc. No. 186, filed Dec. 6, 2012.) Plaintiff requests that the court "grant him access" to an Officer of the Court to provide him "with the ability to use Written Depositions pursuant to Rule 31(b) of the Federal Rules of Civil Procedure."

Federal Rule of Civil Procedure 31(b) provides that "[a] party may, by written questions, depose any person, including a party." During a Rule 31 deposition, the written questions are asked by a deposition officer and answered orally by the witness. *See* Fed. R. Civ. P. 31(b).

Although Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this prisoner's civil rights case, the court finds no authority to appoint and pay an officer of the court to conduct a Rule 31 deposition by written questions. In the absence of such authority, the court "is not obligated to subsidize the plaintiff's litigation by paying for an officer to take the defendant's [or a non-party's] deposition." *Patten v. Schmidt,* 07-C-0026, 2007 WL 3026622, at *6 (E.D. Wis. Oct. 16, 2007) (citing *McNeil v. Lowery,* 831 F.2d 1368, 1373 (7th Cir. 1987)). *See also Johnson v. Hubbard*, 698 F.2d 286, 288-90 (6th Cir. 1983) (The right of access to the courts does not extend to providing witness fees for a witness the prisoner claims to be essential to his *in forma pauperis* case); *Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987) ("By seeking government funding in this case, plaintiffs are in effect asking for better treatment than their fellow-citizens who have not been incarcerated but who have at least equal claims for damages.") Therefore, the court declines to appoint an officer to facilitate Plaintiff's ability to take Rule 31 depositions by written questions. Accordingly, it is

ORDERED that Plaintiff's "'Verified' Motion to Appoint Me Access with a Officer of the Court to Provide Me the Ability to Use Written Depositions" (Doc. No. 186) is DENIED.

Dated this 12th day of December, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge