IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01522–MSK–KMT

TIMOTHY S. TUTTAMORE,

 Plaintiff,

v.

DR. ALLRED,
A. OSAGIE,
ADX WARDEN DAVIS,
M. SMITH, and
UNKNOWN UTILIZATION COMMITTEE MEMBERS, all in their official and individual capacities,

 Defendants.

---

# ORDER

---

 This matter is before the court on Plaintiff's "'Verified' Motion to Appoint Expert Witness and/or in Alternative Reconsider Motion for Appointment of Counsel Doc. No. 12 & 24 and/or in the Alternative Deem Colo. Rev. Stat. § 13-20-602 as Constitutionally Invalid" (Doc. No. 113, filed Apr. 5, 2012), as well as Plaintiff's "2nd Motion for an Appointment of Counsel" (Doc. No. 132, filed May 21, 2012). For the following reasons, Plaintiff's Motions are DENIED.

 To the extent Plaintiff seeks a court-appointed expert witness, the court finds no authority to appoint and pay an expert to assist an indigent litigant in the preparation of a civil suit for

damages. *Patel v. United States,* 399 F. App'x 355, 359 (10th Cir. 2010). Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 in a prisoner's civil rights case. However, 28 U.S.C. § 1915(c) provides, in pertinent part, that "[w]itnesses shall attend as in other cases." It does not authorize the government to pay or advance the fees and expenses for witnesses. *Patel,* 399 F. App'x at 359. The right of access to the courts does not extend to providing witness fees for a witness the prisoner claims to be essential to his *in forma pauperis* case. *Johnson v. Hubbard*, 698 F.2d 286, 288-90 (6th Cir. 1983). The court has no more authority to appoint an expert witness at government expense for Plaintiff than it has to require counsel to represent him. As stated by the Tenth Circuit in affirming the district court's denial of a motion for appointment of an expert:

> The plaintiffs' dilemma in being unable to proceed in this damage suit because of the inability to pay for expert witnesses does not differ from that of nonprisoner claimants who face similar problems . . . . By seeking government funding in this case, plaintiffs are in effect asking for better treatment than their fellow-citizens who have not been incarcerated but who have at least equal claims for damages.

*Patel,* 399 F. App'x at 359 (quoting *Boring v. Kozakiewicz,* 833 F.2d 468, 474 (3rd Cir. 1987)).

To the extent Plaintiff is seeking appointment of an expert under Fed. R. Evid. 706, a court's authority to make such an appointment is discretionary. *Cestnik v. Fed. Bureau of Prisons*, No. 03-1124, 2003 WL 22969354, *2 (10th Cir. Dec. 18, 2003). "The appointment of an expert pursuant to Rule 706 is not intended to further partisan interests of any party, but to aid the Court, through the services of an impartial expert in its assessment of technical issues." *Byng v. Campbell*, No. 9:07-CV-471 (GLS)(DRH), 2008 WL 4662349, *7 (N.D.N.Y. Oct. 20, 2008). The court's review of the file in this matter indicates that appointment of an independent expert

would not be a significant aid to the court.  Additionally, there is no hearing, pretrial matter, or trial scheduled for which expert testimony is necessary or required.  Accordingly, the court declines to appoint Plaintiff an expert witness.

The court also declines to request that counsel be appointed to represent Plaintiff.  Unlike a criminal defendant, a plaintiff in a civil case has no constitutional right to appointed counsel.  *See Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006).  Rather, a court has discretion to request volunteer counsel for a civil litigant proceeding *in forma pauperis*, pursuant to 28 U.S.C. § 1915.  *Id.*; *see also Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 301-02 (1989).  Section 1915(e) provides, "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  In determining whether to appoint counsel under 28 U.S.C. § 1915(e), the Tenth Circuit has directed district courts to evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual and legal issues, and the [litigant's] ability to investigate the facts and present his claims."  *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir.1995)).

At the outset, the court notes that it has previously declined to request an appointment of counsel for Plaintiff.  (*See* Doc. Nos. 12 & 24.)  Plaintiff again argues that he has a meritorious case; that the legal issues in this case are complex, due to the various medical issues and terminology at issue in his claims; that his administrative segregation status limits his ability to investigate and research his case; and that his indigence thwarts his ability to depose witnesses or retain an expert witness.  However, as noted previously by the court, imprisonment and limited

knowledge of the law are not unique and therefore do not constitute the special circumstances requiring the appointment of counsel. In addition, the court has already concluded that the factual and legal issues in this case are not particularly complex, novel, or difficult to analyze. The court has thus far been impressed with Plaintiff's ability to communicate the basis of his claims in both his court filings and at hearings.

Further, as discussed above, to the extent that Plaintiff's indigence and imprisonment complicate his ability to retain an expert and depose witnesses, Plaintiff's position is no different from non-prisoner claimants. Granting him counsel on this basis would provide Plaintiff with an advantage over fellow citizens who have not been incarcerated, but who have at least equal claims for damages.

The court acknowledges that Plaintiff also argues for counsel on the basis that he lacks meaningful access to Colorado state law and statutes necessary to further his claims under the Federal Tort Claims Act. However, the merits of this argument are at issue not only in his Second Amended Complaint (Doc. No. 191), but also in his Motion for Preliminary Injunction (Doc. No. 217). Thus, if this argument is indeed meritorious, it may be addressed accordingly through that motion. Ultimately, however, the court finds that it would be premature to grant counsel prior to hearing this issue, at least preliminarily, on its merits.

Finally, Plaintiff moves for the court to either appoint counsel to assist him in complying with Colo. Rev. Stat. § 13-20-602's certificate of review requirement or, alternatively, deem § 13-20-602 to be unconstitutional. (*See* Doc. No. 113.) However, although this case *may* present a "non-trivial constitutional challenge to the application of Colorado's certificate of review

requirement," *Kikumura v. Osagie,* 461 F.3d 1269, 1298 (10th Cir. 2006), that question is not ripe for review at this time.  The certificate of review requirement is not jurisdictional; rather, it acts as an affirmative defense that may be waived.  *Miller v. Rowtech, LLC,* 3 P.3d 492, 494-95 (Colo. App. 2000); *see also* Colo. Rev. Stat. 13-20-602(b)(2) (providing that if a certificate of review is not filed, the defense *may* move the court for an order requiring the filing of such a certificate).  At this juncture, Defendants have not raised § 13-20-602 as a defense—in fact, they have not yet responded to Plaintiff's Second Amended Complaint.[1]  As such, the court finds that any consideration of § 13-20-602's constitutionality as it may be applied in this case would constitute an improper advisory opinion.  *Okla. City, Ok. v. Dulick,* 318 F.2d 830, 831 (10th Cir. 1963) ("Federal courts have no power to give advisory opinions or to adjudicate constitutional questions in the absence of concrete legal issues, presented in actual cases, not abstractions.")  For similar reasons, the court also declines to appoint counsel on this basis.

Therefore, for the foregoing reasons, it is

ORDERED that Plaintiff's "'Verified' Motion to Appoint Expert Witness and/or in Alternative Reconsider Motion for Appointment of Counsel Doc. No. 12 & 24 and/or in the

---

[1] The four served defendants named in Plaintiff's Original Complaint (Doc. No. 1) have not raised, and indicate that they will not raise, this issue in a responsive pleading or dispositive motion.  (*See* Doc. No. 223 at 2.)

Alternative Deem Colo. Rev. Stat. § 13-20-602 as Constitutionally Invalid" (Doc. No. 113) and

Plaintiff's "2nd Motion for an Appointment of Counsel" (Doc. No. 132) are DENIED.

Dated this 23nd day of January, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge