IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01522–MSK–KMT

TIMOTHY S. TUTTAMORE,

    Plaintiff,

v.

DR. ALLRED,
A. OSAGIE,
ADX WARDEN DAVIS,
M. SMITH,
CURRENT BOP DIRECTOR,
P. BARELA,
S. ROGERS,
Y. FETTERHOFF,
A. BENNETT,
S. COLINS,
D. SEVERN, and
DR. CHRISTOPHER T. HARRIGAN, all in their official and individual capacities,

    Defendants.

**ORDER**

This matter is before the court on Plaintiff's "'Verified' Motion Seeking Attachments 1-6 of this Motion to be Served by U.S. Marshals via Certified Mail . . . Subpoena Fed. R. Civ. P. 45." (Doc. No. 212, filed Dec. 26, 2012.)

On November 27, 2012, the court granted Plaintiff's "Clerk of Court Request 'Subpoena' Rule 45 Fed. R. Civ. P." (Doc. No. 176) by directing the Clerk of Court to send Plaintiff a

subpoena, signed but otherwise blanked. (Doc. No. 178, filed Nov. 27, 2012.) Plaintiff now seeks to have subpoenas served on the following individuals and entities: St. Thomas More Hospital, Dr. Christopher T. Harrigan,[1] Dr. Allen Bickel, Dr. Vincent T. Yu, the Colorado Department of Public Health and Environment, and the Colorado Office of Civil Rights.

An indigent litigant is entitled to have subpoenas served by "officers of the court," which in nearly all circumstances means the United States Marshal. 28 U.S.C. § 1915(d). The preferred method for accomplishing this task is for the plaintiff to file a motion with the court, attaching the subpoena to be served-requesting an order that the Marshal serve the attached subpoena. This method is preferred so the court has an opportunity to review the subpoena and deny service if the subpoena is overbroad or otherwise unduly burdensome in violation of Fed.R.Civ.P. 45(c). *Andrade v. Oba*, 07-cv-00872-WYD-KMT, at *1 (D. Colo. Mar. 11, 2009).[2]

The court finds that Plaintiff has sufficiently described the documents he seeks from the targeted individuals and entities such that his subpoenas are not facially overbroad or unduly

---

[1] The court acknowledges that Dr. Harrigan has now been named as a defendant in this case. (*See* 2nd Am. Complaint, Doc. No. 191.) There is a split in authority as to whether Rule 45 subpoenas should be served on parties. *Mezu v. Morgan State Univ.,* 269 F. R.D. 565, 581 (D. Md. Oct. 2010) (citing cases). The majority view is that serving a Rule 45 subpoena on a party is permissible. *See, e.g., Neel v. Mid-Atlantic of Fairfield, LLC,* Civil No. SAG-10-cv-405, 2012 WL 98558, at *1-2 (D. Md. Jan. 11, 2012). In any, event, the court elects to defer consideration of this question until if and when Dr. Harrigan files an appropriate motion to quash on this and/or other grounds.

[2] Fed. R. Civ. P. Rule 45(b)(1) provides that where a subpoena is served on a non-party and requests the production of documents, notice must be served on each party before the subpoena is served. The court finds that Plaintiff's Motion, which was filed on the court's CM/ECF system, and the subsequent 45 day period that elapsed thereafter provided Defendants with sufficient notice to satisfy Rule 45(b)(1).

burdensome. Plaintiff's Motion outlines the specific categories of documents to be requested from the targeted individuals and entities. (*See* Mot.) As such, the court finds that the targeted individuals and entities are capable of either responding to Plaintiff's subpoenas and producing the requested documents, or objecting to their production pursuant to Fed. R. Civ. P. 45(c) and/or Fed. R. Civ. P. 26(c). Accordingly, the court will order the United States Marshal to serve Plaintiff's subpoenas, accompanied by copies of Plaintiff's Motion and this Order, on the targeted individuals and entities.

Therefore, for the foregoing reasons, it is

ORDERED that Plaintiff's "'Verified' Motion Seeking Attachments 1-6 of this Motion to be Served by U.S. Marshals via Certified Mail . . . Subpoena Fed. R. Civ. P. 45" (Doc. No. 212, filed Dec. 26, 2012) is GRANTED. Pursuant to 28 U.S.C. § 1915(d), the United States Marshal Service is directed to serve the subpoenas appended to Plaintiff's Motion at Attachments 1-6 (*See* Doc. No. 212 at 13-44), together with copies of Plaintiff's Motion (Doc. No. 212) and this Order, on St. Thomas More Hospital, Dr. Christopher T. Harrigan, Dr. Allen Bickel, Dr. Vincent T. Yu, the Colorado Department of Public Health and Environment, and the Colorado Office of Civil Rights.

Dated this 24th day of January, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge